**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SARA LOUIS TRANKLER, <br> *and on behalf of minor A.T.*, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | No. 4:26-cv-1214-HEA |
| HON. BRENDA STACEY, et al., | ) <br> ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Sara Louis Trankler, on behalf of minor A.T.'s (1) application to proceed in district court without prepaying fees and costs (Doc. 2), (2) motion for temporary restraining order (Doc. 4), and (3) petition for writ of error coram nobis, writ of prohibition, and emergency injunctive relief (Doc. 5). After carefully reviewing Plaintiff's motion for a temporary restraining order (TRO) and application for leave to proceed without prepaying fees and costs, the Court concludes that Plaintiff has neither satisfied the standard for a TRO nor provided sufficient information to proceed without paying the filing fee. Therefore, both motions are denied. Plaintiff's petition for writ of error coram nobis is inapplicable to this action, is entirely conclusory, and will be denied. Finally, Plaintiff may not represent her minor child, and must hire counsel on A.T.'s behalf.

## I.      Plaintiff's Motion for TRO

Under Federal Rule of Civil Procedure 65(b)(1), a court may issue a TRO without notice to the adverse party only if (A) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and (B) "the movant's attorney [or movant, if proceeding pro se] certifies in writing any efforts made to give notice and the reasons why it should not be required."  Plaintiff does not sufficiently allege the "immediate and irreparable" loss she will suffer absent an injunction issued before hearing from Defendants.  She states in conclusory fashion, "Absent immediate federal injunctive intervention staying the enforcement of the 23rd Judicial Circuit, Division 4 orders, Plaintiff and the minor child will suffer irreparable harm for which no adequate remedy at law exists."  Doc. 4 at 2.  Plaintiff does not state what orders she seeks to enjoin or what irreparable harm exists.  Additionally, the docket contains no evidence that Plaintiff has served any Defendants, and she has not explained why such notice should not be required.  She has thus failed to support her request for a TRO.

## II.     Application to Proceed in District Court Without Prepaying Fees and Costs

Plaintiff's application to proceed in district court without prepaying fees and costs does not provide sufficient information regarding Plaintiff's finances.  Plaintiff states that she has income in the past 12 months from a business, profession, or other

self-employment and income from "other sources," but has not answered the source of money and the amount she receives. She also lists several things of value that she owns but does not list their approximate value. She also does not itemize her monthly expenses, as required. She does not complete either question 7 or 8, but merely writes "A.T." and "20,000 car." Doc. 2 at 2. She does not state her relationship to A.T. and how much she contributes to A.T.'s support. Nor does she describe her debt related to her car and to whom it is payable. The Court does not have the required financial information to assess whether Plaintiff qualifies to proceed without prepaying fees and costs. Therefore, the application is denied.

## III.   Petition for Writ of Error Coram Nobis, Writ of Prohibition, and Emergency Injunctive Relief

Plaintiff has filed a document titled, "Petition for Writ of Error Coram Nobis, Writ of Prohibition, and Emergency Injunctive Relief." As it appears this document was drafted using generative artificial intelligence (AI), includes many errors, is entirely conclusory, and is wrong procedurally, the petition will be denied. To preserve judicial resources, the Court highlights only the most stark error: A writ of error coram nobis is "substantially equivalent" to a motion filed pursuant to 28 U.S.C. § 2255, which is a remedy for errors in past criminal cases. *See United States v. Little*, 608 F.2d 296, 299 (8th Cir. 1979). Coram nobis relief is not available to Plaintiff. *See generally Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018).

## IV.    Plaintiff Must Hire Counsel for A.T.

Plaintiff brings this action as herself "and on behalf of minor A.T." Based on Plaintiff's filings, A.T. is her child and is a minor. Plaintiff must formally move for leave from the Court to proceed as a next friend, pursuant to Federal Rule of Civil Procedure 17(c)(2), which allows that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." In her motion for leave to proceed as a next friend, Plaintiff should indicate her relationship to A.T., why she seeks to pursue this matter on behalf of A.T., and how she anticipates protecting A.T.'s rights.

Finally, the law does not allow a parent appointed as next friend to act as a pro se representative of the minor party (their child). *See Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) ("Non-attorney parents cannot litigate pro se on behalf of their minor children, even if the minors cannot then bring the claim themselves."). Because it does not appear that Plaintiff is licensed to practice law, A.T. must be represented by counsel in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **DENIED**. (Doc. 2)

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order is **DENIED**. (Doc. 4)

- 4 -

**IT IS FURTHER ORDERED** that Plaintiff's writ of error coram nobis, writ of prohibition, and emergency injunctive relief is **DENIED**.  (Doc. 5)

**IT IS FURTHER ORDERED** that if Plaintiff seeks to continue this action, **within 14 days of the date of this Order**, she must either pay the $405 filing fee or file an adequate application to proceed without prepayment of fees and costs.  The Clerk of Court is directed to provide Plaintiff a blank application to proceed in district court without prepayment of fees and costs.

**IT IS FURTHER ORDERED** that Plaintiff shall file a motion for leave to proceed as next friend of A.T. pursuant to Federal Rule of Civil Procedure 17(c)(2). Additionally, A.T. must be represented by counsel.

**Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

Dated this 31st day of  July, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

- 5 -