**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SARA LOUIS TRANKLER, *and on behalf of minor A.T.*, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:26-cv-01214-HEA |
| HON. BRENDA STACEY, et al., | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Sara Louis Trankler's motions to proceed without prepaying fees and costs. Based on Plaintiff's financial information, the Court grants the applications. On initial review, the Court dismisses this action for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B). The Court denies all pending motions as moot.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Serv. LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## Background

As an initial matter, Plaintiff has inundated the Court with 14 separate filings in a two-day period, half of which she titles as "emergency." *See* Docs. 8-22.[1] These filings were submitted on the heels of the Court's denial of Plaintiff's motion for a temporary restraining order and petition for writ of error coram nobis. *See* Doc. 7. Based on the Court's review of Plaintiff's recent filings, with the exception of her IFP applications, all were generated using artificial intelligence. At their core, the filings seek to have this federal court award Plaintiff monetary damages and enjoin state court action related to Plaintiff's underlying child custody proceeding pending in Jefferson County Circuit Court, *Trankler v. Trankler*, No. 25JE-DR00676 (23rd Jud. Cir. Ct. filed Aug. 26, 2025).[2]

---

[1] Plaintiff filings are titled as follows: (1) Emergency Motion for 21-Day Status Quo Preservation Order and Immediate Injunctive Relief Pursuant to Title II of the ADA and Due Process (Doc. 8); (2) Supplemental Addendum to Consolidated Master Emergency Petition: Explicit Invocation of *Younger* Abstention Exceptions, Dual-Representation Conflict, and Real-Time Judicial Manipulation (Doc. 9); (3) Master Comprehensive Emergency Petition for Injunctive Relief, Evidentiary Incorporation, and Invocation of Federal Civil Rights (Doc. 10); (4) Emergency Notice of Filing Supplemental Lower Court Record, Evidentiary Exhibits, and Request for Immediate Injunctive Review (Doc. 11); (5) Supplemental Emergency Motion to Incorporate Child Abuse Allegations and Evidence Into the Federal Record (Doc. 12); (6) Motion Regarding Federal Rule 17(c)(2) Representation and Notice of State Court Emergency Motion for Substitute GAL (Doc. 13); (7) Second Motion for Leave to Proceed In Forma Pauperis (Doc. 14); (8) Emergency Motion for Judicial Recusal and Immediate Stay of State Court Proceedings (Doc. 15); (9) Motion to Dismiss Party A.T. (Doc. 16); (10) Third Motion for Leave to Proceed In Forma Pauperis (Doc. 18); (11) Emergency Petition for Writ of Prohibition (Doc. 20); (12) Motion to Stay, Motion for Preliminary Order in Prohibition (Doc. 21); and (13) Notice of Clarification Regarding Guardian Ad Litem Representation (Doc. 22).

[2] Plaintiff has also filed in Missouri state court a Writ of Mandamus, *see Trankler v. Stacey*, No. ED114668 (Mo. Ct. App. filed Jul. 8, 2026) (denied Jul. 10, 2026), a Writ of Prohibition, *see Tranker v. Stacey*, No. ED114756 (Mo. Ct. App. filed Aug. 5, 2026) (denied Aug. 5, 2026), and a

**The Complaint**

Plaintiff files this action under 42 U.S.C. §§ 1983 and 1985, alleging Defendants are violating her constitutional rights to due process and equal protection in her pending state court divorce and custody proceeding. *See* Doc. 1 at 3. Named as Defendants are the following individuals: Michael Paul Trankler (Petitioner in underlying divorce/child custody action), the Honorable Brenda Stacey (Judge, Jefferson County Circuit Court), George Halenkamp, IV (GAL), and Joyce Ann Pyatt (Michael Trankler's attorney).

Plaintiff's complaint invokes the Court's federal question jurisdiction under 42 U.S.C. §§ 1983 and 1985. Doc. 1 at 3. Plaintiff alleges that Defendants Judge Stacey and GAL Halenkamp "abused state authority to deny equal access to court, biased procedure, stripped day of custody for seizure during constant death threats." Doc. 1 at 5. She states, "Defendants conspired under color of state law to deprive me and my minor child (A.T.) of due process and equal protection through systemic obstruction, judicial bias and extreme harassment." *Id.* For relief, she seeks monetary damages, return of property and utilities, and an "immediate order to stop all unlawful court proceedings, halt ongoing stalking/harassment and forced proximity to ex-husband at home exchange at High Ridge Sheriff, protection for self and minor child." *Id.*

---

Petition for Breach of Express Oral Contract, Quantum Meruit, and Promissory Estoppel, *Trankler v. Trankler*, No. 26JE-CC00830 (23rd Jud. Cir. filed Aug. 4, 2026).

## Discussion

Liberally construed, Plaintiff's complaint fails to state a claim against any Defendant. The Judge and GAL in Plaintiff's underlying child custody proceedings are immune from suit under § 1983. Likewise, the individual Defendants are not state actors and cannot be held liable under § 1983. Additionally, the *Younger* abstention doctrine directs the court to abstain from accepting jurisdiction in this action where granting injunctive relief would interfere with Plaintiff's pending state proceedings.

## I. Defendant Judge Brenda Stacey

Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 760 (8th Cir. 2019).

Plaintiff complains of judicial actions taken by Judge Stacey that fall squarely within the doctrine of judicial immunity. For example, Plaintiff alleges:

> Refusal of Rule 92 Injunctive Relief Judicial Misconduct: Respondent Judge Brenda Stacey . . . has systematically refused to docket, hear, or enforce threshold emergency pre-trial motions for status quo, housing, and preliminary injunctive protection pursuant to Missouri Supreme Court Rule 92. This deliberate procedural evasion nullifies interlocutory due process and leaves an indigent litigant without emergency state-court protection.

Doc. 3 at 4.

Based on these allegations, Plaintiff seeks to hold Judge Stacey liable under § 1983 for not issuing a TRO, which is a judicial action entirely within her authority.[3] Even if the Court were to assume Defendant Stacey acted maliciously, corruptly, or outside her authority (assumptions not supported by any evidence), she is still immune from Plaintiff's suit. *See, e.g.*, *Ybarra v. Legal Assistance of Dakota Cnty.*, 2025 WL 3215659, *4 (D. Minn. Nov. 18, 2025) (finding state court judge in underlying divorce action protected by judicial immunity even assuming truth of alleged nefarious activity). Therefore, the Court dismisses Plaintiff's allegations against Defendant Stacey for failure to state a claim upon which relief may be granted.

---

[3] Plaintiff's inapposite case citations, *Tennessee v. Lane*, 541 U.S. 509 (2004) and *Troxel v. Granville*, 530 U.S. 57 (2000), do not alter this conclusion. *See* Doc. 3 at 1. Neither case addresses judicial immunity.

## II. Defendant GAL George Halenkamp, IV

Defendant George Halenkamp, IV, was appointed guardian ad litem (GAL) in Plaintiff's underlying divorce and child custody action. As a GAL, Halenkamp is also immune from Plaintiff's claims. "[G]uardians ad litem are entitled to absolute immunity for acts that occurred within the course of their court-appointed duties, even if their conduct was wrongful and illegal." *Id.* (quoting *Arseneau v. Pudlowski*, 110 F.4th 1114, 1118 (8th Cir. 2024)).

Plaintiff's allegations against GAL Halenkamp are largely conclusory, and include the following:

> Bad-Faith Utility Manipulations & GAL Misconduct: On July 30, 2026, Guardian ad Litem George L. Halenkamp, IV, alongside opposing parties, actively facilitated and condoned bad-faith utility/housing disruptions to create an artificial housing crisis for myself and my minor child. Guardian ad Litem Halenkamp has breached his core fiduciary duties by engaging in these pretextual claims while actively suppressing and ignoring verified child protection filings . . . and critical law enforcement reports regarding explosive hazards . . . .

Doc. 3 at 4.

Plaintiff's allegations against GAL Halenkamp fall within his court-appointed duties, and he is thus immune from liability in Plaintiff's action. These claims will be dismissed for failure to state a claim upon which relief may be granted.

## III. Defendants Joyce Pyatt and Michael Trankler

Plaintiff also alleges Defendants Joyce Pyatt and Michael Trankler violated her constitutional rights to due process and equal protection during her divorce

proceedings. Based on her complaint, Plaintiff's allegations against Pyatt and Trankler include:

> Joyce Ann Pyatt . . . : Engaging in ongoing continuous, direct harassment and deliberate obstruction[.] Michael Trankler: with mistress made false allegations thrown out after homeless 12 days [without] anything to survive (did not know of 3rd party until 11/25-or of 1 year affair, or who was behind 3 fake identities email and blocked calls increasing in front of A.T. ending in multiple seizures March and April in front of her (only ever had them from Rx that exacerbates TBI or extreme fear and stress).

Doc. 1 at 6.

Neither Pyatt nor Trankler are state actors for purposes of liability under § 1983. Section 1983 imposes liability on government actors acting under color of state law. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.* Here, although Plaintiff uses vague and conclusory terms like "conspired" and "systemic obstruction," she has not plausibly alleged any factual information from which the Court could find either Pyatt or Trankler engaged

in any meeting of the minds with state actors such that § 1983 liability might attach.[4] *See* Doc. 1 at 5.

Because Defendants Pyatt and Trankler are not state actors and Plaintiff has not stated any non-conclusory, factual information from which the Court could plausibly find any agreement or meeting of the minds with state actors, her allegations against these Defendants are dismissed.

## IV. The *Younger* Abstention Doctrine Precludes Plaintiff's Federal Action[5]

Alternatively, Plaintiff's claims are precluded by the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court ruled that lower federal courts must decline to hear challenges to pending state actions involving important state interests. *See, e.g., Moore v. Sims*, 442 U.S. 415 (1979) (dismissal appropriate in light of pending child custody proceedings). As the Eighth Circuit stated, *Younger* abstention "directs federal courts to abstain from accepting

[4] For these same reasons, Plaintiff's claims brought under § 1985 are subject to dismissal. "In order to state a claim for conspiracy under § 1985, a plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement. This standard requires that allegations of a conspiracy be pleaded with sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action." *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1077-78 (8th Cir. 2016) (internal quotations and citations omitted).

[5] To the extent Plaintiff has brought these issues before the Missouri Court of Appeals and lost, the *Rooker-Feldman* abstention doctrine applies. *See Trankler v. Stacey*, No. ED114668 (Mo. Ct. App. filed Jul. 8, 2026) and *Tranker v. Stacey*, No. ED114756 (Mo. Ct. App. filed Aug. 5, 2026); *see generally Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced.").

jurisdiction in cases where . . . granting [the requested relief] would interfere with pending state proceedings" involving important state interests. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). *Younger* abstention is mandatory; a federal court is required to abstain except in the extremely rare instances where bad faith, harassment, or unusual circumstances are present. *Younger*, 401 U.S. at 54.

"[T]here is no doubt that state-court proceedings regarding the welfare of children reflect an important state interest that is plainly within the scope of the doctrine." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1248 (8th Cir. 2012); *see also Ybarra v. Legal Assistance of Dakota Cnty.*, 2025 WL 3215659, *2-3 (D. Minn. Nov. 18, 2025) (finding *Younger* precluded federal relief where underlying divorce and child custody action pending in state court); *Black Bear v. Lingren*, 2025 WL 588187, *7 (D.S.D. Feb. 24, 2025) (finding *Younger* abstention applies to child custody proceedings) (citing *Moore v. Sims*, 442 U.S. 415, 423-35 (1979)).

The *Younger* abstention analysis asks whether "abstention [is] nevertheless inappropriate because an exception to abstention applies." *Black Bear*, 2025 WL 588187, *7. "Abstention may be inappropriate where there is a 'showing of bad faith, harassment, or some other extraordinary circumstance.'" *Id.* (quoting *Middlesex*, 457 U.S. at 435). Here, Plaintiff attempts to allege bad faith by stating, among other things, (1) Defendant Pyatt represents both Michael Trankler and his

girlfriend, Kelsey Lee Leighton, in the underlying litigation; (2) Pyatt moved for a change of judge; and (3) the state court judge will not allow Plaintiff to obtain free transcripts. Doc. 9 at 1-3. These examples do not evidence a plausible showing of bad faith, harassment, or extraordinary circumstance that would indicate abstention is inappropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's applications to proceed in district court without prepaying fees and costs are **GRANTED**. (Docs. 14 and 18)

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot. (Docs. 8, 10, 12-13, 15-16, 20-21).

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 13th day of August, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE